Sage S. Stone (State Bar No. 304086)
sstone@blackstonepc.com
Zachary T. Gershman (State Bar No. 328004)
zgershman@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-6356

*Attorneys for* Plaintiff KENNETH ATIENZA, individually, and on behalf of other similarly situated employees

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ATIENZA, individually, and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>vs.<br><br>GENOMIC HEALTH, INC.; EXACT SCIENCES CORPORATION<br><br>Defendants. | Case No.: 3:25-cv-05222-PHK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of Cal. Business & Professions Code §§ 17200, *et seq.*** <br><br>**(2) Violation of 15 U.S.C. §§1681 b(b)(2)(A) (Fair Credit Reporting Act)**<br><br>**(3) Violation of California Civil Code §1786, et seq. (Investigative Consumer Reporting Agencies Act)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KENNETH ATIENZA ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendants GENOMIC HEALTH, INC. ("Defendant GENOMIC HEALTH") and Defendant EXACT SCIENCES CORPORATION ("Defendant EXACT SCINCES" and collectively ("Defendants"):

## INTRODUCTION

1. This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2. Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses including, for example, cell phone expenses and expenses for safety equipment necessary to complete their job positions such as steel-toed boots.

3. As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order, the Fair Credit Reporting Act, and the Investigative Consumer Reporting Agencies Act. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This is a class action lawsuit brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act which provides for diversity jurisdiction in class action cases involving out-of-state Defendants.

6.     This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, and/or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

7.     Venue is proper in this Court because, upon information and belief, Defendants maintains offices, have agents, employ individuals, and/or transact business in the State of California, County of San Mateo, including at Galveston Dr, Redwood City, CA 94063. Many of the acts, events, and violations alleged herein relating to Plaintiff occurred throughout the State of California, including in the County of San Mateo.

## THE PARTIES

8.     At all times herein mentioned, Plaintiff KENNETH ATIENZA is and was an individual residing in San Mateo County in the State of California.

9.     At all times herein mentioned, Defendant GENOMIC HEALTH was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout San Mateo County and the State of California, including at Galveston Dr, Redwood City, CA 94063.

10.    At all times herein mentioned Defendant EXACT SCIENCES was and is an employer who does business in California and whose employees are engaged throughout San Mateo County and the State of California.

11.    Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, or are attributable to defendant GENOMIC HEALTH and Defendant EXACT SCIENCES, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

12. At all relevant times, Defendants were the employer of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff. Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

13. Defendants directly hired and paid wages to Plaintiff and the other Class Members.

14. Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

## GENERAL ALLEGATIONS

15. Plaintiff Kenneth Atienza worked for Defendants from approximately April 2021 through approximately November 2021 as a Material Handler or other similar role. Defendants jointly and severally employed Kenneth Atienza at their location in Redwood City, CA. Kenneth Atienza performed various duties for Defendants including, among other things, receiving shipments and packing.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage

statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

17. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1. Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

18. Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

19. Plaintiff and the other Class Members who were scheduled to work for

shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

20. Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

21. Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks. Furthermore, Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

22. Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked. Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all

duties for ten (10) minutes as required for compliant rest breaks. As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all. Furthermore, Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants also failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

23. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a) and Plaintiff and other Class Members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations

in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

24. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204.

25. Finally, Defendants required Plaintiff and other Class Members to use their personal cellphones, which were not provided by Defendants and which Defendants did not reimburse Plaintiff and other Class Members a reasonable percentage of their personal phone plans, in order to communicate with their supervisors, managers, and other employees during work hours. Indeed, Defendants' supervisors and managers would regularly text and communicate with both Plaintiff and Class Members while they were on duty and working for Defendants, and thus Defendants had actual knowledge that Plaintiff and other Class Members were incurring expenses as part of their employment but were not being reimbursed for these expenses. Moreover, Plaintiff and other Class Members had to purchase safety equipment such as steel-toed boots to work in Defendants' warehouses, for amounts of at least fifty dollars ($50) or more, to comport with Defendants' policies and due to the inherent danger of working in Defendants' warehouses. However, Plaintiff and other Class Members were not reimbursed for the cost of this safety equipment at any time by Defendants. Thus,

Defendants failed to fully reimburse Plaintiff and other Class Members for reasonable and necessary business expenses associated with their employment with Defendants.

26. Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class under Rule 23 of the Federal Rules of Civil Procedure.

28. The proposed **Class** is defined as follows:

> **All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

29. The proposed **Former Employee Sub-Class** is defined as follows:

> **All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

30. The proposed "**FCRA/ICRAA Class**" is defined as follows:

> **All prospective, current and former hourly-paid and/or non-exempt employees of Defendants in the State of California on whom Defendants ran background check(s) at any time during the period from five years prior to the date of the filing of this Complaint until final judgment.**

31. Plaintiff reserves the right to establish additional subclasses as appropriate.

32. There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiff, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

33. The Class is so numerous that the individual joinder of all its members is impracticable.

34. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

   i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

   ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other Class Members for all overtime hours worked;

   iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other Class Members;

   iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other Class Members;

   v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

   vi. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

   vii. Whether Defendants' failure to pay wages, without abatement or

       reduction, in accordance with the California Labor Code, was willful;

  viii. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the required time upon their discharge or resignation;

    ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

     x. Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

    xi. Whether Defendants' conduct was willful or reckless;

   xii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

  xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

  xiv. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

   xv. Whether Defendants willfully failed to provide prospective employees with stand alone written disclosures before obtaining background reports in compliance with the statutory mandates.

35. There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

    a. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than one-hundred (100) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

    b. <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to

comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

c. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

d. <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

e. <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative

references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

# FIRST CAUSE OF ACTION

## VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ*.

### Unfair and Unlawful Business Practices

36. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

37. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

38. Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

39. Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of

Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

40. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense of Plaintiff, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. §§ 1681b(b)(2)(A)
## Failure To Make Proper Disclosure in Violation Of FCRA

41. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

42. Defendants are "persons" as defined by Section 1681a(b) of FCRA.

43. Plaintiff and the other Class Members are "consumers" within the meaning of Section 1681a(c) of FCRA because they are individuals.

44. Section 1681a(d)(1) of FCRA defines a "consumer report" as: "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for… employment purposes." Thus, a credit and/or background report qualifies as a consumer report.

45. Section 1681b(b)(2)(a) of FCRA sets forth the "conditions for furnishing and using consumer reports for employment purposes," and provides in relevant part: "Disclosure to consumer. (A) In general Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-- (i) a clear and

conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i) the procurement of the report by that person."

46. When Plaintiff and the other Class Members applied for employment with Defendants, Defendants obtained consumer reports on Plaintiff and the other Class Members but failed to provide complaint disclosures to Plaintiff and the other Class Members as required by Section 1681b(b)(2)(a) of FCRA.

47. Defendants' conduct in violation of Section 1681b(b)(2)(a) of FCRA was and is willful. Defendants acted in deliberate and reckless disregard of their obligations and the rights of applicants and employees including Plaintiff and the other Class Members as shown by the facts that: (1) Defendants are a large corporation with access to legal advice; and (2) Defendants are sophisticated and employ a significant number of employees.

48. As a result of Defendants' illegal procurement of credit and background reports Plaintiff and the other Class Members have been injured by having their rights to privacy and other protected statutory rights invaded in violation of FCRA.

49. Plaintiff therefore seeks all available remedies on their own behalf and on behalf of the class pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

50. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleged that the violations were negligent, and seek the appropriate remedies, if any, under 15 U.S.C. section 1681o, including actual damages and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATION OF CAL. CIV. CODE § 1786, ET SEQ.
### Failure To Make Proper Disclosure in Violation of ICRAA

51. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

52. Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act (ICRAA").

53. Plaintiff and the other Class Members are "consumers" within the meaning of Section 1786.2(b) of the ICRAA because they are "individuals."

54. Section 1786.2(c) of the ICRAA defines the term "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Thus, a background check qualifies as an investigative consumer report under ICRAA.

55. Section 1768.16(a)(2) of ICRAA provides in relevant part:

> "(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply: …
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> (i) An investigative consumer report may be obtained.
>
> (ii) The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

15
**FIRST AMENDED CLASS ACTION COMPLAINT**

       (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22. (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv)…"

      (C) The consumer has authorized in writing the procurement of the report.

56. Defendants procured investigative consumer reports for its prospective employees as defined in section 1786.2(c) of the ICRAA but failed to comply with Section 1768.16(a)(2).

57. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring background checks or causing background checks to be procured. As described above, pursuant to that policy and practice, Defendants procured background checks or caused background checks to be prepared for Plaintiff and the other Class Members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

58. Defendants' conduct in violation of Section 1786.16(a)(2)(13) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard for their obligations and the rights of applicants and employees, including Plaintiff and the other Class Members. Defendants' willful conduct is reflected by, among other things, the following facts: (1) Defendants are a large corporation with access to legal advice; and (2) Defendants are sophisticated and employs a significant number of employees.

59. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and the other Class Members have been injured including, but not limited to, having their privacy and

statutory rights invaded in violation of ICRAA.

60. Plaintiff, on their own behalf and on behalf of the other Class Members, seeks all available remedies pursuant to Cal. Civ. Code section 1786.50, including statutory damages and/or actual damages, punitive damages and attorneys' fees and costs.

61. In the alternative to Plaintiff's allegations that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code 1786.50(a), including actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to reimburse business-related expenses);

6. For restitution of unpaid wages to Plaintiff and all the other Class Members

and all pre-judgment interest from the day such amounts were due and payable;

7. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq*.;

8. For reasonable attorneys' fees and costs of suit incurred herein; and

### As to the Second Cause of Action

9. For the imposition of civil penalties and/or statutory penalties;

10. For the imposition of punitive damages;

11. For reasonable attorneys' fees and costs of suit incurred herein; and

12. For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

13. For the imposition of civil penalties and/or statutory penalties;

14. For the imposition of punitive damages;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

Dated: July 11, 2025                              **BLACKSTONE LAW, APC**

By: *Zachary T. Gershman*
Sage S. Stone, Esq.
Zachary T. Gershman, Esq.

*Attorneys for* Plaintiff KENNETH ATIENZA, individually, and on behalf of other similarly situated employees

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: July 11, 2025                                **BLACKSTONE LAW, APC**

By: *Zachary T. Gershman*
Sage S. Stone, Esq.
Zachary T. Gershman, Esq.

*Attorneys for* Plaintiff KENNETH ATIENZA, individually, and on behalf of other similarly situated employees

19
FIRST AMENDED CLASS ACTION COMPLAINT